UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| § | |
| V. § | CASE NO. |
| § | |
| $8,055.00 UNITED STATES CURRENCY, § | |
| Defendant. § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture and alleges upon information and belief:

### Nature of Action

1. This is a civil forfeiture action in rem brought under 21 U.S.C. § 881(a)(6) which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq. and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

### Jurisdiction and Venue

2. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391 and 1395.

### Defendant Property

4. The Defendant is $8,055.00 in United States currency ("Defendant Property"). Law enforcement officers seized Defendant Property on or about December 8, 2011, in Houston, Texas.

1

Defendant Property is on deposit in the United States Marshals Service's seized asset deposit fund account at the Federal Reserve Bank.

5.  Kenitra Kelley ("Kelley") filed a claim with the Drug Enforcement Administration contesting the administrative forfeiture of Defendant Property.

## Factual Basis

6.  On December 8, 2011, law enforcement officers were monitoring the George Bush Intercontinental Airport in Houston, Texas, ("IAH") for possible money couriers involved in transporting proceeds of drug trafficking.

7.  On December 8, 2011, Kelley arrived at IAH on a flight from Boston, Massachusetts, a known narcotics demand city. Kelley was taking a connecting flight out of IAH to Phoenix, Arizona, a known narcotics source city. The night before, December 7, 2011, Kelley paid cash for the round trip ticket to fly from Boston to Phoenix on December 8, 2011, and return to Boston approximately twenty-four (24) hours later on the following day, December 9, 2011.

8.  A law enforcement officer approached Kelley during her layover in IAH, identified himself as a police officer, and asked Kelley if he could speak with her. Kelley agreed to speak with the officer. Kelley appeared nervous and initially told the officer that she was going to Phoenix to go shopping. Kelley said that she liked the TGIF in Phoenix, and it was cheaper than the one in Boston. Kelley then told the officer that she was going to Phoenix because she was thinking about looking at the University of Phoenix while she was there. Kelley said that she had traveled to Phoenix about three weeks ago to see a friend whom she identified as "Kam." Kelley was unable to provide any phone number for Kam, and she said that she was presently unemployed.

9.  Upon further questioning by the law enforcement officer, Kelley acknowledged

2

that she was traveling with about $8,000.00 in cash even though she has a bank account. When asked about the source of the money, Kelley said that she saved it although she was unable to provide any documentation reflecting a withdrawal of the currency from a bank account. Kelley claimed to be a part time phlebotomist earning about $5,000 per year, a part time hourly wage employee at Stop N Shop, a recipient of $300.00 per month in food stamps, and a winner of $500 on a scratch off lottery ticket. Kelley also stated that she has two children, and her parents have given her about $400 over the past year to help her. Kelley stated that she did not remember how much money she made in 2011 or 2010.

10. Kelley voluntarily accompanied the law enforcement officers to an office in Terminal B at IAH. The law enforcement officers requested a narcotic detection canine unit to check Defendant Property. The canine alerted to the odor of narcotics emanating from Defendant Property. Defendant Property consisted of United States currency in the following denominations: seventy-eight $100 bills, five $50 bills, and one $5 bill. Law enforcement officers seized Defendant Property.

11. Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq. or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

12. Prior to filing this complaint, the United States contacted counsel for Kelley to give Kelley an opportunity to provide any documents or records supporting her claim that Defendant Property was not subject to forfeiture under 21 U.S.C. § 881(a)(6). Kelley has failed to provide any documents or records supporting her claim.

## Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## Prayer

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6) and for such costs and other relief to which the United States of America may be entitled.

                        Respectfully submitted,
                        Kenneth Magidson
                        United States Attorney
By:   /S/ Gerald Doyle
                        Gerald Doyle, AUSA
                        Admission ID No. 1453
                        1000 Louisiana, Suite 2300
                        Houston, Texas 77002
                        Fax: 713.718.3300
                        Phone: 713.567.9599

## Verification

I, James A. Calhoun, a Special Agent with the Drug Enforcement Administration, hereby affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

James A. Calhoun
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me, the undersigned authority, on June __13__, 2012.

Notary Public in and for the State of Texas

My commission expires: 09-30-12

PAMELA B. ELZEY
MY COMMISSION EXPIRES
September 30, 2012

5

## Certificate of Service

I hereby certify that a copy of the foregoing has been served upon the following in the manner indicated on June 14, 2012:

<u>Counsel for Kenitra Kelley</u> (certified mail/rrr)
Ms. Christine M. Cedrone
Law Office of Christine M. Cedrone, P.C.
21 McGrath Highway, Suite 306
Quincy, MA 02169

                                                  /S/ Gerald Doyle
                                                  Gerald Doyle